UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EREIC W. BACA, | CASE NO. C24-1411JLR |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY DISTRICT COURT, et al., | |
| Defendants. | |

Before the court are (1) *pro se* Plaintiff Ereic W. Baca's complaint against Defendants King County District Court, Brian Todd, Robbert Van Cleave, Highway State Patrol, and the District of Columbia (together, "Defendants") (Compl. (Dkt. # 5)) and (2) United States Magistrate Judge Brian A. Tsuchida's order granting Mr. Baca's application to proceed *in forma pauperis* ("IFP") and recommending that this court review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) before issuing summons (IFP Order (Dkt. # 4)). The court has considered Mr. Baca's complaint and the governing law.

ORDER - 1

1  Being fully advised, the court DISMISSES Mr. Baca's complaint without prejudice and
2  with leave to amend.
3      Section 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at
4  any time" if it determines that the action (1) is frivolous or malicious; (2) fails to state a
5  claim; or (3) seeks relief from a defendant who is immune from such relief. *See* 28
6  U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying
7  that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). Because
8  Mr. Baca is a *pro se* plaintiff, the court must construe his pleadings liberally. *See*
9  *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nevertheless, his complaint
10 must still contain factual allegations "enough to raise a right to relief above the
11 speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atl.*
12 *Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Although the complaint need not
13 contain "detailed factual allegations," it must include more than "an unadorned, the-
14 defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
15 (2009) (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a) (requiring a pleading
16 to "contain . . . a short and plain statement of the grounds for the court's jurisdiction,"
17 and "a short and plain statement of the claim showing that the pleader is entitled to
18 relief").
19     The court concludes that Mr. Baca's complaint does not meet these standards. Mr.
20 Baca provides the following statement of his claim:
21     nationalist my constitution rights been violated
       threat and arrest
22     6/5/4/

ORDER - 2

(Compl. at 5.)  He does not describe what each Defendant did to allegedly violate his rights.  (*See generally id.*)  Mr. Baca attaches to his complaint a copy of a notice of infraction issued by Washington State Patrol Officer Robbert Van Cleave on May 16, 2024.  (Ex. (Dkt. # 5-2).)  Based on these submissions, the court construes Mr. Baca's complaint as attempting to raise a civil rights claim under 42 U.S.C. § 1983.  Mr. Baca, however, has not alleged sufficient factual detail to "raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 555, 570.  Therefore, the court DISMISSES Mr. Baca's complaint (Dkt. # 5) without prejudice.

Courts typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal.  *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017).  If Mr. Baca intends to pursue a § 1983 civil rights action in this court, he must file, by no later than **January 15, 2025**, an amended complaint that includes short, plain statements specifying:  (1) the constitutional right he believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of his constitutional rights; and (5) what specific injury he suffered because of the defendants' conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  If Mr. Baca

//
//
//
//

1  fails to file an amended complaint by the deadline, or if the amended complaint fails to
2  state a plausible claim for relief, the court will dismiss this case in its entirety.
3      Dated this 16th day of December, 2024.

 

JAMES L. ROBART
United States District Judge